IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 06-MJ-00189

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT CULVER HINZ a/k/a ALBERT VON SCHULTZ,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for preliminary examination, identity hearing and detention hearing on September 5, 2006. The court has considered the testimony and credibility of ATF Agent Steve McFarland. In addition, the has taken judicial notice of the court's file and the pretrial services report. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the

following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

>   (1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>   (2)   the weight of the evidence against the person;
>
>   (3)   the history and characteristics of the person, including –
>
>   >   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   >
>   >   (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report, the testimony of ATF Agent Steve McFarland and the entire court file, and have considered the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Complaint with Use of a Firearm During and in Relation to a Drug Trafficking Offense, and Aiding and Abetting in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.

Second, the court finds that probable cause exists that the defendant committed the above offense based upon the evidence presented during this joint hearing on identity, detention and preliminary examination.

Third, I find that defendant has used an alias in the past of Albert Von Schultz.  Defendant has been unemployed for the last two years.  Defendant was on bond in Laramie County Circuit Court, state of Wyoming in case no. CT2006-6637, at the time of alleged offense in this case.  Defendant has a history of self-reported drug use.  The

nature and circumstances of this offense include the growing of over 100 marijuana plants in the Defendant's residence in Wyoming.  Defendant stated: "That he would shoot it out with law enforcement if his residence was searched."  Defendant has convictions for carrying a concealed weapon, felony child endangering, child abuse and a domestic violence related conviction for battery.  At the time of the search of Defendant's residence, law enforcement found 14 weapons and at the time of defendant's arrest in Colorado he had 2 weapons in the jeep that he was driving.

Based upon these findings,  I conclude, by clear and convincing evidence,  that the defendant is a flight risk and a danger to the community. I further find that no condition or combination of conditions for release that will reasonably assure the appearance of the defendant and the safety of the community. Accordingly, I order defendant detained without bond.

Done this 5th day of September 2006.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge